UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
ALEXANDER ROSA                :   Civil No. 3:21CV00481(SALM)
                              :
v.                            :
                              :
COMMISSIONER DOE, et al.      :   November 5, 2021
                              :
------------------------------X
```

### RULING ON "MOTION IN SUPPORT FOR IN FORMA PAUPERIS APPLICATION" (sic) [Doc. #10]

Self-represented plaintiff Alexander Rosa ("plaintiff"), who is currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, sought leave to proceed in this civil rights action without the payment of fees and costs pursuant to 28 U.S.C. §1915. See Doc. #2. On August 30, 2021, Judge Jeffrey A. Meyer denied plaintiff's motion for leave to proceed in forma pauperis and gave plaintiff thirty days to submit the filing fee. See Doc. #9.[1] Rather than pay the filing fee, plaintiff has filed a "Motion In Support For In Forma Pauperis Application[,]" which asserts that another inmate, who received funds more regularly than plaintiff, was granted in forma pauperis status. Doc. #10 at 1 (sic).[2] The Court construes

---

[1] On October 27, 2021, this case was transferred to the undersigned "for all further proceedings." Doc. #19.

[2] Plaintiff filed a "Memorandum Of Law In Support To Accept And

plaintiff's Motion as a motion seeking reconsideration of Judge Meyer's August 30, 2021, Order. For the following reasons, plaintiff's "Motion In Support For In Forma Pauperis Application" (sic) [**Doc. #10**] is **DENIED**.[3]

I. **Applicable Law**

"The standard for granting [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also D. Conn. L. Civ. R. 7(c)(1). Three grounds can justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd.

---

Approve Informa Pauperis Application[.]" Doc. #11 (sic).

[3] Plaintiff filed his motion on September 7, 2021. [Doc. #10]. On October 7, 2021, plaintiff filed a Notice of Appeal of Judge Meyer's August 30, 2021, Order denying his motion for leave to proceed in forma pauperis. See Doc. #14. "This filing does not divest this Court of jurisdiction to rule on Plaintiff's Motion for Reconsideration. Instead, the notice of appeal is held in abeyance until the motion for reconsideration is resolved." Coan v. Kaufman, 349 F. Supp. 2d 271, 273 (D. Conn. 2004), aff'd, 457 F.3d 250 (2d Cir. 2006); see also Whitnum v. Town of Woodbridge, No. 3:17CV01362(JCH), 2019 WL 1306082, at *1 (D. Conn. Mar. 22, 2019).

v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

**II.   Discussion**

At the time plaintiff filed his motion to proceed in forma pauperis, plaintiff declared under the penalties of perjury that he had $576.98 available in his inmate account. See Doc. #2 at 3. In support of his motion, plaintiff was required to submit an inmate account statement showing activity in his account over the previous six months. See id. at 2, 4. Instead of submitting one report containing a concise record of the activity in his inmate account, plaintiff submitted a collection of screen shots of recent account activity with overlapping entries. See Doc. #3. On March 15, 2021, plaintiff's inmate account balance had risen to $660.54. See id. at 7. On March 19, 2021, plaintiff sent $600.00 out of the facility and, shortly thereafter, filed his motion to proceed in forma pauperis. See id. Based on plaintiff's sworn statement and inmate account statement, Judge Meyer denied plaintiff's motion to proceed in forma pauperis. See Doc. #9 at 1-2.

All litigants must make decisions about how to spend their money when they are contemplating litigation. "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of time and effort." Briand v. State of Fla., No.

3

4:06CV00104(WS), 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); see also Vann v. Comm'r of N.Y. City Dep't of Corr., 496 F. App'x 113, 115 (2d Cir. 2012) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by weeding out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth." (citation and quotation marks omitted)); Lumbert v. Illinois Dep't of Corr., 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks" some other use of his funds is "more worthwhile ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

"When considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." Miller v. Brown, No. 1:12CV00166(WLB), 2013 WL 1346826, at *2 (S.D. Ga. Feb. 21, 2013) (citation and quotation marks omitted), report and recommendation adopted, 2013 WL 1346710 (Apr. 3, 2013). Courts have denied leave to proceed in forma pauperis where inmates had sufficient funds but chose to use the funds for other purposes before filing a motion to proceed in forma

pauperis. See Martin v. United States, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of in forma pauperis application where district court found that prisoner had received $1,818.00 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation[]"); Brown v. Ruiz, No. 3:20CV01202(KAD), 2020 WL 6395480, at *1-2 (D. Conn. Nov. 2, 2020) (noting, in denying motion to proceed in forma pauperis, that plaintiff had received deposits in excess of $3,000.00 in the seven months before filing action but spent or sent funds out of facility to qualify for in forma pauperis status before filing complaint); Kinloch v. Wilcher, No. 4:20CV00209(WTM), 2020 WL 6922628, at *1 (S.D. Ga. Nov. 24, 2020) (denying motion to proceed in forma pauperis where inmate's account statement showed deposits of over $5,000.00 during preceding five months, which funds were spent before filing motion to proceed in forma pauperis).

In his motion for leave to proceed in forma pauperis, plaintiff stated, under penalty of perjury, that he had received only $1,200.00 in federal stimulus funds during the preceding twelve months, and no other income. See Doc. #2 at 2. The inmate account information, however, shows this statement to be false. See Doc. #3. Plaintiff received inmate state pay, other hourly wages, some small deposits, and $1,800.00 in federal funds

during the six months before filing the motion. See id. Although the state wages and most deposits were for small amounts, plaintiff denied their existence under penalty of perjury. See Doc. #2 at 2. In addition, the $1,800.00 in federal funds were more than enough to pay the filing fee. Plaintiff states that he sent the funds to his family. See Doc. #10 at 1. While the desire to help his family is admirable, plaintiff still made a choice to do so rather than paying the filing fee. Plaintiff has identified no facts overlooked by Judge Meyer that would alter the decision to deny in forma pauperis status at the time it was made.

    Plaintiff directs the court to two cases filed by another inmate, a Mr. Sharkany, in which in forma pauperis status was granted. See Doc. #10 at 1. Plaintiff argues that Mr. Sharkany received larger, more regular deposits than plaintiff. See id. The Court notes that each case is decided on its own facts, and whether another inmate was or was not granted in forma pauperis status is not controlling here. However, the Court has reviewed the financial information submitted by Mr. Sharkany. Unlike plaintiff, Mr. Sharkany did not receive federal stimulus funds, did not represent that he had sufficient funds to pay the filing fee, and for all except about a week of the six preceding months, did not have a balance in his account in excess of

$400.00. See Sharkany v. Seifert, No. 3:21CV00654(MPS) (D. Conn. June 22, 2021) (Docs. #2, #3).[4] Thus, a review of Mr. Sharkany's circumstances does not alter the Court's decision.

### III. Conclusion

For the reasons stated, plaintiff's "Motion In Support For In Forma Pauperis Application" (sic) [**Doc. #10**] is **DENIED**.

SO ORDERED the 5th day of November 2021 at New Haven, Connecticut.

                                       /s/
                               Hon. Sarah A. L. Merriam
                               United States District Judge

---

[4] Plaintiff referred the Court to two cases, Sharkany v. Seifert, No. 3:21CV00654(MPS), and Sharkany v. Collette, No. 3:21CV00589(MPS). Mr. Sharkany submitted the same financial information in both cases.